# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCOTT HESSE and VICKI HESSE, Plaintiffs | : | No. 08cv1288 |
| v. | : | (Judge Munley) |
| NATIONWIDE MUTUAL FIRE INS. CO., Defendant | : | |

## MEMORANDUM

Before the court is Defendant Nationwide Mutual Fire Insurance Company's motion for summary judgment (Doc. 20). Having been fully briefed, the matter is ripe for disposition.

## BACKGROUND

Plaintiffs Scott and Vicki Hesse own a property at 54 South Coal Street in Port Carbon, Pennsylvania. (SMF at ¶ 11). Plaintiffs insured their property against flooding under a Standard Flood Insurance Policy ("SFIP") with Defendant Nationwide Mutual Fire Insurance Company ("Nationwide"). (Id.) Nationwide is a "Write-Your-Own" insurance carrier under the National Flood Insurance Program. (SMF at ¶ 8); see also 44 C.F.R. Pt. 61, App. A(1). Under this program, Nationwide issues SFIPs to qualified properties on behalf of the Federal Emergency Management Agency ("FEMA"). (Id. at ¶ 9). The terms of an SFIP can only be changed by the Federal Insurance Administrator, not by participating insurance carriers, and all claims under an SFIP are paid by the United States Treasury. (Id. at ¶¶ 10, 3).

Plaintiffs' policy had a building coverage limit of $80,000 with a $5,000 deductible. (SMF at ¶ 12). The policy did not cover building contents. (Id.) The SFIP only covers certain basement items. See 44 C.F.R. Pt. 61, App. A(1), Art. III(A)(8). The SFIP, by federal law, excludes coverage for earth-movement, including movement of land resulting from

accumulation of water in the subsurface land area. See 44 C.F.R. Part 61, App. A(1), Art. V (C). Finally, the SFIP excludes coverage for structural damage caused by flood unless the damage was due to the pressure or weight of the water. Id. at Art. V(D).

On June 27 and 28, 2006, the property was flooded. (Id. at ¶ 13). Plaintiffs' policy was in effect at this time. (Id. at 12). Adjuster Duane Simmons ("Simmons") of GPS Claim Services inspected the damage to the property for Nationwide and issued an estimate, dated August 19, 2008. (SMF at ¶¶ 21, 22; Def. Ex. 4 (Doc. 20-5)). Simmons estimated $15,582.76 in flood damage minus the $5,000 deductible and $1,142.43 in depreciation. (SMF at ¶¶ 23 to 26). Plaintiffs signed a proof of loss for $9,440.33 and were paid this amount by Nationwide. (Id. at ¶ 27).

Structural Engineer Sinan Jawad, P.E. ("Jawad") also inspected the property for Nationwide to determine the extent of any structural damage caused by the flood. (SMF at ¶ 30; Def. Ex. 8 (Doc. 20-9)). His August 8, 2006 report concluded that most of the damage to the property was caused by long-term settlement, not by the flood, and that only the structural damage to the basement walls under the front porch ("basement front room") was caused by the flood. (SMF at ¶ 31; Def. Ex. 8). Based on this structural report, Simmons estimated an additional $7,441.81 in flood damage, minus $721.24 for depreciation. (SMF at ¶¶ 34 to 36). Plaintiffs signed an additional proof of loss for $6,720.57 and were paid this amount by Nationwide. (Id. at ¶ 37). Plaintiffs have thus received a net payment of $16,160.90.

On August 15, 2006, Scott Hesse signed a proof of loss prepared by plaintiffs' adjuster Scott Luscavage ("Luscavage") of Schuylkill Public Adjusting Co., Inc., totaling $101,273.31, which plaintiffs admit does not discount for depreciation or the deductible. (SMF at ¶¶ 18, 19; Def. Ex. 12

2

(Doc. 20-13)). In summary, Luscavage estimates plaintiffs' damage as: $10,023.07 for the garage; $2,312.23 for the porch; $14,764.50 for the right-side exterior; $2,662.82 for the rear exterior; $2,121.05 for the kitchen; $7,570.50 for the dining room; $5,677.02 for the basement front room; $25,528.54 for the main basement room; and general hauling, cleanup and debris costs of $9,083.00. (Def. Ex. 12). On top of this subtotal of $79,742.73 are estimated overhead costs of $7,974.29; profits of $8,771.73, and taxes of $4,784.56. (Id.) Plaintiffs acknowledge that this estimate includes items for which they have been compensated, but argue that much of their loss remains uncompensated.

Plaintiffs filed suit in Schuylkill County Court asserting a breach of contract, on June 13, 2008. (Compl. (Doc. 1-6)). On July 7, 2008, Nationwide removed to this court based on federal question jurisdiction. See 42 U.S.C. § 4072; 28 U.S.C. §§ 1331, 1441. Nationwide then moved for summary judgment on March 31, 2009. (Doc. 20).

**JURISDICTION**

Because the National Flood Insurance Program confers United States District Courts with original exclusive jurisdiction over disputed SFIP claims, the court has removal jurisdiction over this case. See 42 U.S.C. § 4072. See also 28 U.S.C. §§ 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."), 1441 (A defendant can generally remove a state court civil action to federal court if the federal court would have had original jurisdiction to address the matter.).

**LEGAL STANDARD**

Before the court is Defendant Nationwide's motion for summary judgment. Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  See Knabe v. Boury, 114 F.3d 407, 410 n.4 (3d Cir. 1997) (citing FED. R. CIV. P. 56(c)). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).

In considering a motion for summary judgment, the court must examine the facts in the light most favorable to the party opposing the motion.  Int'l Raw Materials, Ltd. v. Stauffer Chem. Co., 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is material if it might affect the outcome of the suit under the governing law. Id.  Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial.  Celotex v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies its burden, the burden shifts to the non-moving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. Id. at 324.

**DISCUSSION**

Nationwide argues it is entitled to summary judgment because plaintiffs' claims are either excluded by the terms of the SFIP, or have already been paid in full.  Plaintiffs respond, generally, that their claims are

4

covered under the SFIP because they were caused by the flood, and that many of these claims have gone unpaid or underpaid.

The SFIP only covers "direct physical loss by or from flood." 44 C.F.R. Pt. 61, App. A(1), Art. I. Such loss requires "evidence of physical change to the property." Id. at Art. II. Losses that are indirectly caused by a flood, however, are excluded from coverage. Specifically, the SFIP excludes from coverage any damage caused by "earth movement" resulting from a flood.[1] 44 C.F.R. Pt. 61, App. A(1), Art. V(C). Further, only losses related to the weight of the flood water, and not merely resulting from earth movement, are covered by the SFIP, and only if this hydrostatic pressure directly caused the property damage.[2] 44 C.F.R. Pt. 61, App. A(1), Art. V(D). Some items are excluded, based on their type

---

[1] C. We do not insure for loss to property caused directly by earth movement even if the earth movement is caused by flood. Some examples of earth movement that we do not cover are:
    1. Earthquake;
    2. Landslide;
    3. Land subsidence;
    4. Sinkholes;
    5. Destabilization or movement of land that results from accumulation of water in subsurface land area; or
    6. Gradual erosion.
44 C.F.R. Pt. 61, App. A(1), Art. V(C).

[2] D. We do not insure for direct physical loss caused directly or indirectly by any of the following:
    . . .
    6. The pressure or weight of water unless there is a flood in the area and the flood is the proximate cause of the damage from the pressure or weight of water;
44 C.F.R. Pt. 61, App. A(1), Art. V(D)

5

and location in the dwelling.  See Id. at Art. III(A)(8) (extending coverage only to particular items stored below ground-level).  Finally, SFIPs are to be strictly construed because all claims are actually paid by the United States Treasury.  Suopys v. Omaha Prop. and Cas., 404 F.3d 805, 809 (3d Cir. 2005).  Nationwide notes they have no incentive to under-pay an SFIP claim because they only profit by paying out to claimants via a 3.3% commission.  (Def. Br. in Supp. at 5 (Doc 21)).

A claimant is required to submit a proof of loss to their carrier within sixty days of any loss.  44 C.F.R. Pt. 61, App. A(1), Art. VII(J).  The estimate by plaintiffs' adjuster, Luscavage, totaling $101,273.31, represents all claims that plaintiffs may raise, because no other estimates were provided to Nationwide within sixty days of plaintiffs' loss.  (Def. Ex. 12 (Doc. 20-13)), see Suopsys, 404 F.3d at 806 (sixty-day "Proof of Loss" requirement must be strictly construed).

Nationwide's engineering expert, Jawad, concluded that only the structural damage to the Hesses' basement front room was due to hydrostatic pressure.  Other damage, in his view, was due to long-term settlement, frost heaves, soil swelling, concrete shrinkage, and tree roots– and thus excluded under article V(C) of the SFIP.  The plaintiffs contend that more of the damage was due to the hydrostatic pressure of the flood, and not mere subsidence.  They argue that their own testimony creates a genuine issue of material fact, in opposition to Nationwide's expert, as to what caused much of the damage.  The court agrees.  Scott Hesse stated that the structural damage in his basement and garage only appeared after the flood.  Additionally, Jawad's conclusion that hydrostatic forces were operating in one portion of the basement could lead a reasonable fact-finder to find that those same forces caused damages in other parts of the basement or property.

Furthermore, many of the line-items in the plaintiffs' adjuster's estimate present valuation questions suitable for trial.  The parties agree that some of the individual items have been paid for by Nationwide.  The court expects the parties to winnow these uncontested items from the triable issues prior to the pretrial conference.  Similarly, trial may reveal that some claimed items are excluded from the SFIP's coverage, as Nationwide argues.  However, questions arise on other items– as to whether the estimated repairs were actually made, by whom, and at what cost.  These questions must be tried to a fact-finder.  Accordingly, summary judgment would be inappropriate at this stage.

**CONCLUSION**

For these reasons, defendant's motion for summary judgment will be denied.  An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SCOTT HESSE and VICKI HESSE,** Plaintiffs | : | No. 08cv1288 |
| v. | : | (Judge Munley) |
| **NATIONWIDE MUTUAL FIRE INS. CO.,** Defendant | : | |

## ORDER

**AND NOW**, to wit, this 2nd day of December 2009, defendant's motion for summary judgment (Doc. 20) is HEREBY **DENIED**.

BY THE COURT:

s/ James M. Munley

JAMES M. MUNLEY
United States District Court